### KLIPSTEIN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 18, 1899.)

No. 2,572.

CUSTOMS DUTIES—CLASSIFICATION—COAL-TAR DYES.

Where the weight of the evidence is that the product in question is a coal-tar color or dye, a finding by the board of general appraisers that it is dutiable as such, and not as an alizarin color, will be sustained. though the fact that it is used with a mordant may raise a doubt whether it is not properly an alizarin.

This was an application by Klipstein & Co. for a review of the decision of the board of general appraisers in respect to the classification for duty of certain colors or dyes imported by them.

Edward Hartley, for appellants.

James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. By paragraph 14 of the act of 1894, coal-tar colors or dyes, by whatever name known, are dutiable at 25 per cent.; and, by paragraph 368, alizarin, and alizarin colors or dyes, natural or artificial, are free. This merchandise appears to have been entered for duty as an alizarin color, and to have been returned by the appraiser as a coal-tar color. Duties were assessed upon it according to the return, notwithstanding a protest that it was free under paragraph 368. On appeal, one of the importers testified that he was told it was an alizarin color, but on cross-examination he said in fact it was a color or dye, although used with a mordant, and was a product of coal tar; that it takes the place of gallocyanine, which is defined as a coal-tar color, and is a faster product. On this evidence, the board could well find that it was a coal-tar color or dye, although that it is used with a mordant might raise a doubt whether it was not an alizarin. There has been, however, further evidence taken, upon which the finding is changed. Decision reversed.